UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

TERESA MOSES,                )
                             )
    Plaintiff,               )
                             )    Case No. 1:11-cv-00049
v.                           )    Judge Knowles
                             )
MARSHALL COUNTY BOARD        )
OF EDUCATION,                )
                             )
    Defendant.               )

# MEMORANDUM OPINION

## I. Introduction

This matter is before the Court upon Defendant's Motion to Dismiss State Law and Punitive Damage Claims. Docket No. 12. Defendant has contemporaneously submitted a supporting Memorandum of Law. Docket No. 13.

Plaintiff, who is represented by counsel, has filed a Response. Docket No. 17.

Plaintiff alleges racial discrimination, retaliation, and harassment in the workplace from October 2008 until June 2010, which created a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000, et seq. ("Title VII"); the Tennessee Human Rights Act, pursuant to T.C.A. §§ 4-21-101, et seq., 4-21-301, et seq., and 4-21-401, et seq.; the Tennessee Public Protection Act of 1990; and the Tennessee common law of retaliatory discharge. Docket No. 1. Plaintiff also avers that she refused to participate in, or remain silent about, illegal activities, and was subsequently terminated. *Id.* Plaintiff argues that she was discharged in retaliation for "whistle-blowing" the alleged illegal activity. *Id.*

1

Plaintiff filed her EEOC Charge of Discrimination on October 1, 2010 (*id.*, Ex. 1), and received a Notice of Right to Sue on April 22, 2011 (*id.*, Ex. 2).  Plaintiff filed the instant lawsuit on June 29, 2011.  *Id.*  Plaintiff seeks compensatory damages, punitive damages (on both her state and federal claims), costs and fees, and further general relief as the Court finds appropriate. *Id.*

Defendant filed the instant Motion to Dismiss seeking to dismiss Plaintiff's state law claims under the Tennessee Human Rights Act and the Tennessee Public Protection Act of 1990, as well as Plaintiff's common law retaliatory discharge claim and her punitive damage claims. Docket No. 12.  Defendant argues that these claims should be dismissed because Plaintiff's state law claims are time-barred and because punitive damages are not available against a governmental entity under Title VII of the Civil Rights Act of 1964 or the 1991 amendments thereto.  *Id.*  Specifically, Defendant argues that Plaintiff's state law claims are time-barred because she was notified on May 17, 2010 that her position would be abolished effective June 30, 2010, but she did not file the instant action until June 29, 2011, and it "is the decision to abolish the position that gives right to the claim, not the delayed or inevitable consequences of the decision to abolish the position."  Docket No. 13.  Defendant argues that Plaintiff's sworn averment in her EEOC Charge of Discrimination that the last date of discrimination occurred on May 17, 2010 further supports its position that Plaintiff's claims are time-barred.  *Id.*  Defendant contends that Plaintiff's retaliatory discharge claim is likewise time-barred, as it "is a personal injury tort claim subject to the general one (1) year limitations period."  *Id*.  Defendant argues that, even if Plaintiff's retaliatory discharge claim is considered timely, there is no waiver of immunity from tort liability for intentional acts of a governmental entity, except in very limited

circumstances, which are inapplicable to the case at bar. *Id.* Defendant also argues that Plaintiff cannot recover punitive damages under the Tennessee Public Protection Act of 1990, the Tennessee Human Rights Act, or Title VII, because, as relevant to the circumstances of the case at bar, those Acts do not so provide. *Id.*

Plaintiff, in her response, acknowledges that she stated in her EEOC Charge of Discrimination that the act of discrimination occurred on May 17, 2010, and that she stated in her Complaint that the act of discrimination was her termination, which occurred on June 30, 1010. Docket No. 17. Plaintiff explains that May 17, 2010 is the date the School Board passed a new re-organizational chart. *Id.* Plaintiff contends that the passage of a new re-organizational chart was not, in and of itself, discriminatory, but argues that the execution of the re-organization chart was discriminatory. *Id.* Plaintiff argues that the statute of limitations runs from the date she received unequivocal notice that she would no longer be employed by Defendant. *Id.* Plaintiff explains that the May 17, 2010 passage of the new re-organizational chart could not serve as unequivocal notice that she would no longer be employed by Defendant because: (1) the School Board is without authority to hire and fire employees such as Plaintiff; (2) she had no way of interpreting the changes the new organization chart might require (as the Director of Schools would make those decisions in the months after the Board's policy decision); and (3) she could have been transferred laterally or otherwise placed within the school system "in accordance with the Director of School's prerogative." *Id.* Thus, Plaintiff argues that the actionable discriminatory conduct did not occur with the passage of the re-organization chart, but rather, occurred on the date that she was replaced by an African American who received disparate treatment in pay and work conditions from Plaintiff. *Id.* Plaintiff contends that,

3

because a prima facie case of racial discrimination requires showing disparate treatment, Plaintiff could not allege disparate treatment prior to knowing who replaced her and what treatment her replacement received. *Id.* Accordingly, Plaintiff contends that her claims are timely. *Id.*

For the reasons discussed below, Defendant's Motion will be GRANTED IN PART and DENIED IN PART.

## II. Facts[1]

Plaintiff had been employed by Defendant for approximately 18 years prior to her separation from employment. Docket No. 1., ¶ 8. For the last 10 years of her employment with Defendant, Plaintiff served as an Accountant in the Finance Office. *Id.*, ¶ 9. As such, her job duties included accounting for the Special Project books, specifically "Title I" money. *Id.*, ¶ 10.

Ms. Linda Williams-Lee served as the Supervisor of Special Projects. *Id.*, ¶ 11. Mr. Roy Dukes served as the Director. *Id.*, ¶ 14.

Plaintiff is Caucasian, while Ms. Williams-Lee and Mr. Dukes are African American. *Id.*, ¶¶ 12-14.

Mr. Dukes authorized reimbursement to Ms. Williams-Lee in violation of the school board policies and state and federal guidelines. *Id.*, ¶ 20. Plaintiff questioned the reimbursement from federal funds to Ms. Williams-Lee on "a number of occasions." *Id.*, ¶ 15. Ms. Williams-Lee informed Plaintiff, "You don't question me." *Id.*, ¶ 16. Ms. Williams-Lee "verbal abused [*sic*] and harassed" Plaintiff. *Id.*, ¶ 17.

---

[1]The following "facts" are derived from Plaintiff's Complaint, and are taken as true for the purposes of the instant Motion to Dismiss.

Plaintiff reported the questionable accounting practices to Mr. Dukes. *Id.*, ¶ 18. Plaintiff likewise reported the harassment and hostile work environment to Mr. Dukes. *Id.*, ¶ 19.

In April 2010, Plaintiff's husband, Mr. Donnie Moses, announced his candidacy for school board, and was vocal in his criticism of Mr. Dukes and members of his administration. *Id.*, ¶¶ 21, 22.

In May 2010, a re-organization was announced which ultimately was the basis for the elimination of Plaintiff's position. *Id.* ¶ 23. The re-organization also merged certain of Plaintiff's duties with those of the Budget Director. *Id.* Pursuant to state and federal regulations, management of the "Title I" monies and management of the general fund, cannot be handled by a single person. *Id.*, ¶ 24. Plaintiff and Mrs. Wiles informed Mr. Dukes of this non-compliance, but Plaintiff was nonetheless separated from her employment effective June 30, 2010. *Id.*, ¶¶ 25, 26. Effective July 1, Ms. Shiela Cook-Jones, an African-American, was hired as the Budget Director, assuming some of the job duties of Plaintiff. *Id.*, ¶ 27.

### III. Applicable Law and Analysis

#### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a

5

legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**B. The Case At Bar**

As has been discussed, Defendant seeks the dismissal of Plaintiff's state law claims as being time barred, and Plaintiff's claims for punitive damages as unprovided for by law.

6

With regard to the issue of whether Plaintiff's claims are time barred, Plaintiff responds that her claims are timely, as she could not have received unequivocal notice that she would no longer be employed by Defendant simply by the May 17, 2010 passage of the new re-organizational chart. Plaintiff contends that the discriminatory conduct occurred on June 30, 2010, when she was replaced by an African American who received disparate pay and working conditions than she received. At this stage of the proceeding, the undersigned takes Plaintiff's allegations as true, and Plaintiff's state law claims are deemed timely. Accordingly, Defendant's Motion to Dismiss Plaintiff's state law claims as time barred is DENIED.

Despite filing a Response opposing Defendant's Motion to Dismiss, Plaintiff does not address Defendant's argument that Plaintiff's punitive damage claims must be dismissed as a matter of law. Because Plaintiff has failed to respond to the punitive damage aspect of Defendant's Motion, that aspect of Defendant's Motion is unopposed, and it will be GRANTED. *See, e.g., Green v. Parker Hannifin Corp.*, 2006 WL 229043 *4.

## VI. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's State Law and Punitive Damage Claims is GRANTED IN PART and DENIED IN PART. Specifically, Defendant's Motion is GRANTED with respect to the dismissal of Plaintiff's punitive damage claims, and DENIED with respect to the dismissal of Plaintiff's state law claims.

IT IS SO ORDERED.

_E. Clifton Knowles_
E. CLIFTON KNOWLES
United States Magistrate Judge