UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TERESA MOSES | ) |
| | ) |
| vs. | ) Civil Action No. 1:11-0049 |
| | ) Magistrate Judge Knowles |
| MARSHALL COUNTY BOARD OF | ) |
| EDUCATION | ) |

**O R D E R**

The jury trial in this case is rescheduled for Tuesday, **May 21, 2013, at 9:00 a.m.** in Columbia, Tennessee. Counsel for the parties shall appear for a final pretrial conference on Friday, **May 3, 2013, at 10:00 a.m.** in Nashville, Tennessee. All lawyers who will participate in the trial must attend the pretrial conference.

By April 19, 2013, the parties shall exchange copies of exhibits and make available for examination by any opposing party the original of all exhibits. By this same date, the parties shall exchange designations of portions of depositions that are to be read into evidence during each party's case in chief. The parties should attempt to agree on additions to the designations necessary to put responses into context.

The following materials shall be filed on or before April 29, 2013:

   (A)   Witness lists;

   (B)   Exhibit lists (Plaintiff's exhibits shall be premarked

with numbers; Defendant's exhibits shall be premarked with letters.  The authenticity of exhibits should be stipulated to if at all possible. Failure to include an exhibit on the exhibit list will result in its not being admitted into evidence at trial, except upon a showing of good cause);

(C) Stipulations;

(D) Proposed jury instructions and verdict forms (Counsel shall exchange proposed jury instructions and verdict forms and confer to reach agreement. Thereafter, counsel shall jointly prepare and file a set of agreed proposed jury instructions and verdict forms.  Counsel shall separately file any disputed jury instructions or verdict forms.  Each such disputed proposed jury instruction shall begin on a new page and shall include citations to supporting authorities.  If possible, the parties shall submit a Word Perfect 8.0 compatible computer disk of the agreed proposed jury instructions and verdict forms with the hard copy. Counsel need not file with the Court any proposed preliminary jury instructions, regarding duty of the jury, evidence, burden of proof, conduct of jurors, course of trial, etc., or any proposed final jury instructions concerning duty of the jury, bias or prejudice, definition of evidence and difference

between direct and circumstantial evidence, credibility
of witnesses, burden of proof, preponderance of the
evidence, stipulations, admissions, and judicial
notice, proximate or legal cause, certainty of damages,
gambling verdict, or duty of jury to deliberate.  The
Court will provide copies of its "standard"
instructions on these matters at the Pretrial
Conference and will entertain any objections to those
charges at the charge conference during trial.  The
parties are, however, requested to submit a proposed
jury instruction concerning damages, including punitive
damages if sought.)

Counsel shall also submit a Joint Proposed Pretrial Order to the Court by April 29, 2013.  The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis of the Court's jurisdiction and whether jurisdiction is disputed;(3) a short summary of the Plaintiff's theory (approximately one page); (4) a short summary of the Defendant's theory (approximately one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief  sought; (7) a summary  of any anticipated  evidentiary disputes, including those involving deposition designations; and (8) an estimate of the anticipated

length of the trial.

By April 19, 2013, the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by April 29, 2013.

Expert witness disclosures shall be made timely in accordance with Fed.R.Civ.P. 26(a)(2) or as otherwise ordered by the Court. The Court may exclude the testimony of an expert witness, or order other sanctions, for violation of expert witness disclosure requirements or deadlines. There shall be no rebuttal expert witnesses, absent leave of Court.

Responses to interrogatories, requests for production and requests for admissions shall be supplemented timely, if necessary, in accordance with Fed.R.Civ.P. (26)(e) no later than thirty (30) days before trial, absent leave of Court. The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to supplement discovery responses.

Counsel shall be prepared at the Pretrial Conference to:

(1) discuss their proposed jury instructions and verdict forms;

(2) identify and discuss undisputed facts and issues;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;

(7) discuss pretrial briefs; and

(8) discuss settlement.

If a settlement is reached after jurors have been summoned, resulting in the non-utilization of the jurors, the costs of summoning the jurors may be taxed to the parties.

IT IS SO ORDERED.

                                          E. CLIFTON KNOWLES
                                          United States Magistrate Judge