IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

TERESA MOSES,                       )
                                    )
        Plaintiff,                  )
                                    )
                                    )
vs.                                 )   CASE NO. 1:11-0049
                                    )   JUDGE KNOWLES
                                    )
                                    )
MARSHALL COUNTY BOARD OF            )
EDUCATION,                          )
                                    )
        Defendant.                  )

# ORDER

This matter is before the Court upon Plaintiff's "Motion to Reconsider Defendant's Motions in Limine and Plaintiff's Responses thereto." Docket No. 46. Defendant has filed a Response in Opposition to the Motion. Docket No. 52.

On January 15, 2013, the undersigned entered an Order setting this case for a jury trial in Columbia, Tennessee, beginning May 21, 2013. Docket No. 29. That Order also set a final Pretrial Conference for May 3, 2013, at 10:00 a.m. in Nashville. *Id*. The Order specifically provided:

> By April 19, 2013, the parties shall file any motions in limine and
> any motions objecting to expert testimony. Any responses to such
> motions shall be filed by April 29, 2013.

Docket No. 29, p. 4.

On April 19, 2013, Defendant filed five Motions in Limine. Docket Nos. 30-34. Plaintiff, however, did not file any Responses to those Motions. Not only did Plaintiff not file

timely Responses by April 29, 2013, Plaintiff simply did not file any Responses at all.

At the final Pretrial Conference held on May 3, 2013, the Court inquired as to the Motions in Limine and stated to Plaintiff's counsel that the Court assumed the Motions in Limine were not contested because Plaintiff had not responded to the Motions. *Plaintiff's counsel stated to the Court that the Motions in Limine were not contested.* Thus, the Court made an oral ruling at the final Pretrial Conference that all five of the Motions in Limine were granted. A "Minute Entry" that was entered on the docket May 3, 2013, regarding the final Pretrial Conference stated, "Defendant's Motions in Limine are granted without opposition."

Four days later, Plaintiff filed the instant Motion, moving the Court to "reconsider certain rulings made on Defendant's Motions in Limine, clarification thereof, and Plaintiff's opposition to others." Docket No. 46. It appears that Plaintiff wishes the Court to reconsider only four of the Motions, Docket Nos. 30, 31, 32, and 34. In the Motion, Plaintiff states in relevant part as follows:

> Further, as explanation for Plaintiff's lack of opposition to *some of* these Motions at the pre-trial conference, she asserts what [*sic*] these Motions were not in counsel's file at the time of the hearing, for some reason, and had not made it to the file before his review in preparation for the pre-trial conference. Plaintiff respectfully submits that these are important evidentiary items and witnesses in her behalf and that justice demand she be allowed to use them at trial in that no harm or surprise to defense counsel is occasioned thereby.

Docket No. 46, p.4 (emphasis added).

The Court notes Plaintiff's statement regarding Plaintiff's "lack of opposition to some of these Motions . . . ." With all due respect, Plaintiff did not oppose *any of* the Motions at the Pretrial Conference or prior thereto.

2

In its Response, Defendant states in relevant part:

> The Court indicated in the Pretrial Conference that the motions in limine were granted due to a lack of any response being filed by Plaintiff. The order resetting this matter provided that responses to motions in limine were to be filed by April 29, 2012. The motion to reconsider was the first response filed to the motions in limine.

Docket No. 52, p. 1 n.1.

Defendant further provides arguments as to why, from a substantive standpoint, the Motion to Reconsider should be denied.

Again, with all due respect, the undersigned simply cannot accept Plaintiff's explanation for her complete failure to respond to the Motions in Limine. The Order setting the deadlines was entered more than three months before the deadlines were to occur. Plaintiff's counsel conceded at the Pretrial Conference that he did not oppose the Motions in Limine. Counsel's explanation that the Motions "had not made it to the file before his review in preparation for the pre-trial conference," simply does not provide any reason for the Court to reconsider its previous ruling.

Contrary to Plaintiff's argument, prejudice does result to Defendant if the Court changes its ruling. Obviously, the Order entered by the Court on January 15, 2013 (Docket No. 29) provided for a logical and reasonable schedule leading up to the trial and the final Pretrial Conference. The deadline for filing Motions in Limine of April 19, 2013, was slightly more than one month prior to the trial setting. That deadline was approximately two weeks before the final Pretrial Conference. Responses to Motions in Limine were due April 29, 2013, not quite three weeks prior to the trial and four days before the final Pretrial Conference. This schedule was set so that the parties, and the Court, could address any Motions in Limine far enough in advance of

3

the trial so that counsel and the Court could prepare appropriately.

As discussed above, not only did Plaintiff not file a timely Response to the Motions in Limine, Plaintiff filed no Response at all (except to the extent that the instant Motion to Reconsider could be deemed a Response).

For the foregoing reasons, the instant "Motion to Reconsider Defendant's Motions in Limine and Plaintiff's Responses Thereto" (Docket No. 46) is DENIED. To the extent that Plaintiff seeks "clarification of certain rulings" on the Motions in Limine, that Motion is also DENIED. The Court believes its ruling on the Motions in Limine was quite clear.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge

4